IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:08-CV-160-D

| | | |
|---|---|---|
| ROBIN CANNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On December 31, 2009, Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") [D.E. 37]. In that M&R, Judge Gates recommended that the court deny plaintiff's motion for summary judgment [D.E. 25], grant defendant's motion for judgment on the pleadings [D.E. 31], and affirm the final decision of defendant. On February 15, 2010, plaintiff filed objections to the M&R [D.E. 40]. On February 25, 2010, defendant responded in opposition [D.E. 42].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis removed) (quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Id.</u> (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. See M&R 6–11. First, plaintiff contends that Judge Gates incorrectly evaluated the record concerning the Administrative Law Judge's ("ALJ") analysis of evidence from clinical psychologist J. Michael Bramble, M.A. See Pl.'s Obj. to M&R 2, 4–16.

The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

The court rejects plaintiff's argument that Judge Gates incorrectly evaluated the record concerning Bramble. The M&R makes clear that Judge Gates applied the proper standard of review. See M&R 5–6. Moreover, Judge Gates correctly concluded that the ALJ's evaluation of Bramble's report, evaluation, and treatment was supported by substantial evidence. See id. at 6–11.

In opposition to this conclusion, plaintiff contends that the ALJ failed to give proper weight to Bramble's opinion. Compare Tr. 25–29 with Pl.'s Obj. to M&R 4–10. The ALJ, however,

2

explained in great detail the evidence and explained why he did not give Bramble's opinion controlling weight. See Tr. 25–29; M&R 6–11. Nothing more is required. See, e.g., Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); see also Morgan v. Barnhart, 142 Fed. Appx. 716, 722 (4th Cir. 2005) (unpublished); Melvin v. Astrue, 602 F. Supp. 2d 694, 699 (E.D.N.C. 2009). Accordingly, the objection is overruled.

Next, plaintiff objects that the ALJ's hypothetical to the vocational expert did not precisely state all of plaintiff's limitations. See Pl.'s Obj. to M&R 2, 16–24. Plaintiff did not raise this objection in her motion for summary judgment [D.E. 25]; therefore, Judge Gates did not address this argument in the M&R.

Defendant argues that plaintiff waived this argument by failing to make the argument to Judge Gates. See Comm'r Resp. 2. Defendant's argument is not without force. Indeed, most circuit courts that have addressed the issue do not allow a party to raise an argument for the first time in her objections to the district court concerning an M&R. See, e.g., Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001); Me. Green Party v. Me., Sec'y of State, 173 F.3d 1, 4 (1st Cir. 1999); Cupit v. Whitley, 28 F.3d 532, 535 (5th Cir. 1994); Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990–91 (1st Cir. 1988); Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638–39 (9th Cir. 1988), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992) (en banc) (per curiam). These circuit courts take the view that permitting a party to raise new arguments to the district judge that the party did not make to the magistrate judge is a waste of judicial resources and inconsistent with the Federal Magistrates Act, 28 U.S.C. §§ 631–39. The Fourth Circuit, however, permits a party to raise a new issue with the district judge in objections to an M&R, even if the party never raised the issue with the magistrate judge. See United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992); cf. Diamond, 416 F.3d

3

Case 4:08-cv-00160-D Document 43 Filed 03/11/10 Page 3 of 4

at 315–16 (noting that if a party fails to object to the district court about an issue resolved in an M&R, the party waives her right to raise the objection to the M&R in the circuit court). Thus, the court addresses this argument.

The court has reviewed the hypothetical question and the entire record. The hypothetical included the limitations in the record. See, e.g., Tr. 22, 356–58. Accordingly, the hypothetical was proper. See, e.g., Russell v. Barnhart, 58 Fed. Appx. 25, 30 (4th Cir. 2003) (per curiam) (unpublished); Walker v. Bowen, 889 F.2d 47, 50–52 (4th Cir. 1989); see also Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995). Thus, the objection is overruled.

In sum, the court adopts the M&R [D.E. 37]. Plaintiff's motion for summary judgment [D.E. 25] is DENIED, defendant's motion for judgment on the pleadings [D.E. 31] is GRANTED, and defendant's final decision is AFFIRMED.

SO ORDERED. This 11 day of March 2010.

JAMES C. DEVER III
United States District Judge